UNITED STATES, Appellee,

v.

Captain Hugh G. TESTER, United States Army, Appellant.

ARMY 20000579.

U.S. Army Court of Criminal Appeals.

4 Dec. 2003.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Major Imogene M. Jamison, JA; Captain Gregory M. Kelch, JA (on brief); Colonel Robert D. Teetsel, JA; Lieutenant Colonel E. Allen Chandler, Jr., JA; Major Imogene M. Jamison, JA; Captain Gregory M. Kelch, JA (brief on specified issue).

For Appellee: Lieutenant Colonel Randy V. Cargill, JA, USAR (on brief); Lieutenant Colonel Lauren B. Leeker, JA; Lieutenant Colonel Margaret B. Baines, JA; Major Jennifer H. McGee, JA; Captain Matthew J. MacLean, JA (brief on specified issue).

Before MERCK, CURRIE, and MOORE, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of false official statement (two specifications), larceny, assault consummated by a battery, wrongful cohabitation, and obtaining services under false pretenses, in violation of Articles 107, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, 928, and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a dismissal, confinement for sixty days, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence. The case is before us for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

We find no merit in appellant's assigned error. After reviewing the record, however, we specified the following issue:

WAS THE CONVENING AUTHORITY REQUIRED TO COMPLY WITH THE PROCEDURES OUTLINED IN RULE FOR COURTS–MARTIAL [R.C.M.] 1109 PRIOR TO RESCINDING THE DE-

FERMENT OF APPELLANT'S SENTENCE TO CONFINEMENT[?] *See* R.C.M. 705(c)(2)(D). IF SO, [TO] WHAT RELIEF IS APPELLANT ENTITLED?

We answer the first question affirmatively, and will not affirm that part of the sentence including confinement or forfeitures.

■ Appellant and his defense counsel negotiated a pretrial agreement with the convening authority. As part of the guilty plea offer, appellant agreed to not violate any punitive article of the UCMJ. In exchange, the convening authority agreed to the following limitations in the quantum portion of the pretrial agreement:

    a. Disapprove any sentence of confinement in excess of 6 months.

    b. Defer any adjudged confinement until action is taken by the convening authority under R.C.M. 1107.

    c. Suspend for a period of 12 months any approved sentence [to] confinement.

    d. Deferment and suspension of the sentence [to] confinement is conditional upon the accused carrying out the terms in the offer portion of the agreement.

    e. Unless sooner vacated for a failure to comply with the provisions of paragraph 1d above, the expiration of the period of suspension shall remit the suspended portion of the sentence. The period of deferment will commence on the day the sentence is adjudged.

Suspension will commence on the day action is taken by the convening authority under R.C.M. 1107, and expires 12 months thereafter.

On 27 June 2000, appellant pleaded guilty pursuant to the bargained-for pretrial agreement. The convening authority immediately deferred the adjudged confinement. On 11 January 2001, shortly after the military judge authenticated the record of trial and while appellant was still in a deferment status, the staff judge advocate conducted a criminal records check to determine if appellant had complied with the terms of the pretrial agreement. She discovered that appellant had been arrested for driving while intoxicated fifteen days after his court-martial. Appellant was convicted of that offense in Hays County, Texas, on 25 September 2000. Since appellant had violated his pretrial agreement, the acting commander notified appellant on 25 January 2001, following the procedures outlined in R.C.M. 1101(c)(7), that the deferment of confinement was rescinded. The memorandum advised appellant that he had seven days to submit written matters on his behalf requesting reconsideration of the decision. After considering appellant's submissions, the convening authority disapproved appellant's request to reconsider his decision to rescind the deferment of confinement, and appellant reported to Fort Leavenworth to serve his sentence to confinement.

"Deferment of a sentence to confinement ... is a postponement of the running of the sentence." R.C.M. 1101(c)(1). Generally, deferment of confinement ends when either: the convening authority takes action; it is suspended; it expires by its own terms; or it is otherwise rescinded. R.C.M. 1101(c)(6). If a convening authority decides to rescind a deferment to confinement, he must notify the accused of the decision, in writing, and give the accused an opportunity to respond. R.C.M. 1101(c)(7)(C).

In contrast, "[s]uspension of a sentence grants the accused a probationary period during which the suspended part of an approved sentence is not executed[.] ..." R.C.M. 1108(a). Suspension of the execution of a sentence may be vacated if the accused violates the conditions of the suspension. R.C.M. 1109(a). Before the convening authority can vacate the suspension of a general court-martial sentence, the accused's special court-martial convening authority must hold a hearing on the alleged violation of the conditions of suspension. R.C.M. 1109(d)(1)(A). The accused must be notified, in writing, of the time, place, and purpose of the hearing; the right to be present at the hearing; the alleged violations of the conditions of suspension and the evidence of such violations; the right to be represented by counsel; and the opportunity to be heard, present witnesses, and cross-examine adverse witnesses. R.C.M. 1109(d)(1)(B). Thereafter, the officer exercising general court-martial jurisdiction over the accused

reviews the record of the hearing and the hearing officer's recommendation before determining whether to vacate the suspension. R.C.M. 1109(d)(2)(A).

By driving while intoxicated, appellant violated the terms of his pretrial agreement. At first blush, it would appear that the convening authority properly rescinded the deferment of appellant's sentence to confinement using the notification process of R.C.M. 1101(c)(7). However, by doing so he ignored R.C.M. 705, which governs pretrial agreements.

Rule for Courts–Martial 705(c)(2)(D) provides that the following is a permissible term or condition of a pretrial agreement:

> A promise to conform the accused's conduct to certain conditions of probation *before action* by the convening authority as well as during any period of suspension of the sentence, *provided that the requirements of R.C.M. 1109 must be complied with before an alleged violation of such terms may relieve the convening authority of the obligation to fulfill the agreement[.]*

(Emphasis added). In other words, appellant could agree to conditions of his probation which, if violated, would allow the convening authority to revoke his deferment of confinement. In return, the convening authority was required to comply with R.C.M. 1109 before revoking probation, including rescinding the deferment of confinement. *See also Manual for Courts–Martial, United States* (2000 ed.), app. 21, Rule for Courts–Martial 705 analysis, at A21–40 ("Subsection (D) provides the same protections as revocation of a suspended sentence requires. *See* R.C.M. 1109 and Analysis.").

As appellant was denied the due process protections afforded by R.C.M. 1109, he was improperly incarcerated. We will grant appropriate relief in our decretal paragraph. UCMJ art. 66(c).

We have considered the matters personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

■ The findings of guilty are affirmed. The court affirms only so much of the sentence as provides for a dismissal.* All rights, privileges, and property of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision are ordered restored as mandated by Articles 58b(c) and 75(a), Uniform Code of Military Justice.

---

* Appellant has served his sentence to confinement. Therefore, to ensure appellant receives meaningful relief, we do not affirm either the confinement appellant should not have served or the approved forfeitures. By our decision we intend that the Defense Finance and Accounting Service return to appellant any pay and allowances forfeited either by operation of the approved sentence to forfeiture of all pay and allowances or Article 58b(a), UCMJ, 10 U.S.C. § 858b(a).